| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>FOR THE EASTERN DISTRICT OF WISCONSIN<br><br>**Plaintiffs**<br>HANNAH GITTINGS;<br>CHRISTOPHER MCNEAL;<br>NATHAN PEET;<br>CARMEN PALMER;<br>v.<br><br>**Defendants:**<br><br>KEVIN MATHEWSON; individually and as THE COMMANDER of the KENOSHA GUARD;<br>RYAN BALCH, individually and as TACTICAL ADVISOR for the KENOSHA GUARD AND BOOGALOO BOIS;<br>&<br>FACEBOOK, a U.S. Corporation;<br><br>**Attorney for Plaintiff:**<br>Jason Flores-Williams<br>1851 Bassett St 509<br>Denver, CO 80202<br>Reg. No. #49702<br>303-514-4524<br>Jfw@jfwlaw.net | ▲ **COURT USE ONLY** ▲<br><br>**JURY TRIAL DEMANDED**<br><br>Case Number:<br><br>2:20-cv-01483 WED |
| **CIVIL L. R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION TO STRIKE JENNIFER SIRRINE AS COUNSEL FOR PLAINTIFFS PURSUANT TO SCR 20:1.16** | |

The Plaintiffs, by and through counsel, Jason Flores-Williams, state as follows:

The Plaintiffs originally retained the Law Office of the undersigned counsel in this matter. Ms. Sirrine is not part of this office and brought on later as co-counsel. The Plaintiffs have now discharged Ms. Sirrine as co-counsel as is their right. (Statement

1

made and represented with approval of all clients per SCR 20:1.6.) The termination occurred in writing on Sunday September 27th, 2020.

Ms. Sirrine has failed to withdraw.

SCR 20:1.16, Declining or terminating representation, states: "(a) Except as stated in par. (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if: …(3) the lawyer is discharged."[1]

While the Plaintiffs and the undersigned have not located a reported decision of any Court, published or unpublished, that lays out what action a Court should take if an attorney is discharged but refuses to withdraw in a timely manner, the national consensus is that an attorney who refuses to withdraw after being discharged has violated Rule 1.16.

*See generally In re Newman*, 958 N.E.2d 792, 794 (Ind. 2011) ("Respondent … engaged in attorney misconduct by … failing to withdraw from representation promptly after being discharged…."); *In re Roxborough*, 692 A.2d 1379 (D.C. 1997) ("[R]espondent … violated the following District of Columbia Rules of Professional Conduct: … Rule 1.16(a)(3) (failure to withdraw from representation after being discharged)."); *Matter of Fogle*, 590 N.E.2d 572, 572-573 (Ind. 1992) ("His blatant refusal to withdraw necessitated application to the Board for an order removing him from the case … In light of the foregoing considerations and the findings of fact, we conclude that a substantial period of suspension is warranted. It is, therefore, ordered that the Respondent is suspended from the practice of law for a period of not less than two (2)

---

[1] General L.R. 83(d) states, "Attorneys practicing before this Court are subject to the Wisconsin Rules of Professional Conduct for Attorneys.,…" General L.R. 83(f) states: "The Court may impose appropriate sanctions on any party or attorney who fails to comply with a Local Rule."

years beginning May 22, 1992."); *In re Stricker*, 808 S.W.2d 356, 359 (Mo. 1991) ("Mr. Stricker failed to withdraw from the representation of a client after he was discharged, in violation of Rule 1.16(a)(3).").

Accordingly, the Plaintiffs and the undersigned request that the Court exercise its authority under General L.R. 83(f) and the Court's inherent authority to control its docket, *Strandell v. Jackson County, Ill.*, 838 F.2d 884, 886 (7th Cir. 1987), and strike Ms. Sirrine's appearance for the Plaintiffs in this case.

WHEREFORE, the Plaintiffs respectfully request that the Court strike Ms. Sirrine's appearance for the Plaintiffs in this case; and for such other and further relief as may be just.

Respectfully submitted October 2nd, 2020:

s/Jason Flores-Williams
Jason Flores-Williams #49702
Attorney at Law
1851 Bassett 509
Denver, CO 80202

### CERTIFICATE OF SERVICE

I hereby certify that on this date 10/2/20, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

    s/Jason Flores-Williams
    Jason Flores-Williams #49702