| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>FOR THE EASTERN DISTRICT OF WISCONSIN<br><br>**Plaintiffs**<br>HANNAH GITTINGS;<br>CHRISTOPHER MCNEAL;<br>NATHAN PEET;<br>CARMEN PALMER;<br>v.<br><br>**Defendants:**<br><br>KEVIN MATHEWSON; individually and as THE COMMANDER of the KENOSHA GUARD;<br>RYAN BALCH, individually and as TACTICAL ADVISOR for the KENOSHA GUARD AND BOOGALOO BOIS;<br>&<br>FACEBOOK, a U.S. Corporation;<br><br>**Attorney for Plaintiff:**<br>Jason Flores-Williams<br>1851 Bassett St 509<br>Denver, CO 80202<br>Reg. No. #49702<br>303-514-4524<br>Jfw@jfwlaw.net | ▲ **COURT USE ONLY** ▲<br><br>**JURY TRIAL DEMANDED**<br><br>Case Number:<br><br>2:20-cv-01483 WED |
| **CIVIL L. R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION TO AMEND COMPLAINT** | |

The Plaintiffs, by and through counsel, Jason Flores-Williams, state as follows:

Fed.R.Civ.P. 15(a)(2) states that the Court should "freely" give permission to amend pleadings when justice requires. "The Supreme Court has pointedly told us that 'this mandate is to be heeded.'" *Gonzalez-Koeneke v. West*, 791 F. 3d 801, 807 (7th Cir. 2015) (citation omitted). "As a general matter, Rule 15 ordinarily requires that leave to

1

amend be granted at least once when there is a potentially curable problem with the complaint or other pleading. … A district court may deny leave to file an amended complaint in the case of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.' However, while a court may deny a motion for leave to file an amended complaint, such denials are disfavored." *Bausch v. Stryker Corp.*, 630 F. 3d 546, 562 (7th Cir. 2010) (citations omitted).

In this case, the Plaintiffs seek leave to file the Amended Complaint attached as Exhibit 1. The proposed Amended Complaint fixes a number of typographical errors and cures a significant factual defect in the Complaint. Paragraph 7 of the Complaint had alleged that Defendant Rittenhouse brought an assault rifle with him from Antioch, Illinois, into Wisconsin on the night in question. The Plaintiffs have since learned that that allegation is incorrect. Paragraph 7 of the proposed Amended Complaint cures that defect by alleging that "Defendant Kyle Rittenhouse answered the Call to Arms by driving across state lines from Antioch, Illinois, to Kenosha, Wisconsin, where he was provided with an assault rifle by David Dominick Black."

This is an easily curable defect for which leave should be freely given to the Plaintiffs to amend their Complaint.[1]

---

[1] While Plaintiffs have communicated with a Defendant, no Defendants have been formally served. There is no prejudice with regard to preparation of their response.

2

WHEREFORE, the Plaintiffs respectfully request that the Court grant the Plaintiffs leave to amend their Complaint and file the First Amended Complaint attached as Exhibit 1; and for such other and further relief as may be just.

Respectfully submitted this 16th Day of November 2020,

s/Jason Flores-Williams
Jason Flores-Williams #49702
Attorney at Law
1851 Bassett 509
Denver, CO 80202

## CERTIFICATE OF SERVICE

    I hereby certify that on this date, 11/16/20, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

                                        s/Jason Flores-Williams
                                        Jason Flores-Williams #49702

3

Case 2:20-cv-01483-WED   Filed 11/16/20   Page 3 of 3   Document 9