| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>FOR THE EASTERN DISTRICT OF WISCONSIN<br><br>**Plaintiffs**<br>HANNAH GITTINGS;<br>CHRISTOPHER MCNEAL;<br>NATHAN PEET;<br>CARMEN PALMER;<br>v.<br><br>**Defendants:**<br><br>KEVIN MATHEWSON; individually and as THE COMMANDER of the KENOSHA GUARD;<br>RYAN BALCH, individually and as TACTICAL ADVISOR for the KENOSHA GUARD AND BOOGALOO BOIS;<br>& FACEBOOK, a U.S. Corporation;<br><br>**Attorney for Plaintiff:**<br>Jason Flores-Williams<br>1851 Bassett St 509<br>Denver, CO 80202<br>Reg. No. #49702<br>303-514-4524<br>Jfw@jfwlaw.net | ▲ **COURT USE ONLY** ▲<br><br>**JURY TRIAL DEMANDED**<br><br>Case Number:<br><br>2:20-cv-01483 WED |

**CIVIL L. R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION
FOR EXTENSION OF TIME TO SERVE DEFENDANTS**

The Plaintiffs, by and through counsel, Jason Flores-Williams, state as follows:

The Plaintiffs filed their Complaint on September 22, 2020 (ECF #1), and then filed an Amended Complaint on November 17, 2020 (ECF #11). They have not made service on the Defendants in this case and seek a 60-day extension of time to make service. Fed.R.Civ.P. 4(m) states, "If a defendant is not served within 90 days after the

1

complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period…."

"In determining whether good cause has been shown to warrant an extension, courts may consider, among other things, whether the unserved defendants have actual notice of the suit, whether they would suffer prejudice to their ability to defend as a result of the delay, whether they are evading service, and whether the plaintiff has been diligent in pursuing service." *Kitchner v. Fiergola*, 2018 U.S. Dist. LEXIS 84751, at 3 (E.D. Wis. May 21, 2018), *citing Cardenas v. City of Chicago*, 646 F.3d 1001, 1006-07 (7th Cir. 2011). But even in "the absence of good cause, it is still within the court's discretion to extend the deadline." *Carr v. Department of Public Instruction*, 2018 U.S. Dist. LEXIS 28441, at 7 (W.D. Wis. February 22, 2018), *citing Henderson v. United States*, 517 U.S. 654, 662-63 n. 10, 116 S.Ct. 1638 (1996).

Good cause exists to extend the deadline for service for the following reasons.

First, with regard to Defendant Facebook, Plaintiffs have been engaged in settlement negotiations with them. Defendant Facebook has both the Original and Amended Complaints. Plaintiffs and Defendant Facebook are actively seeking resolution that may remove this suit from the Court's docket. These discussions will resolve by mid-January 2021[1]. It is well settled that "[s]ettlement negotiations can, in the proper circumstances, satisfy Rule 4(m)'s 'good cause' requirement." *Bank of Cape Verde v.*

---

[1] Since filing the instant lawsuit, Facebook has been sued (December 9, 2020) under anti-trust provisions by the attorneys-general of 48 states and the federal government, which weighs upon the relief sought in settlement by Plaintiffs. The subject matter of the instant action is a matter of public concern in which there are constant developments.

2

*Bronson*, 167 F.R.D. 370, 371 (S.D.N.Y. 1995) (citations omitted); *see also Vantage, Inc. v. Vantage Travel Serv.*, 2009 U.S. Dist. LEXIS 22733, at 7-10 (D.S.C. Mar. 20, 2009) (settlement negotiations constituted good cause to extend the time for service).

With regard to the other Defendants:

Defendant Kyle Rittenhouse is currently facing homicide charges arising from the same incident as enumerated in the case at bar. Plaintiffs are sensitive to Mr. Rittenhouse's rights as a criminal defendant and the due process safeguards inherent to criminal adjudication. Mr. Rittenhouse has a right to fair trial free of prejudice and cannot be deposed until after his criminal matter is adjudicated. He is set to be arraigned on January 5, 2021. Per Mr. Rittenhouse's speedy trial right, a 60-day extension followed by an extension granted to Mr. Rittenhouse to answer the Amended complaint should, depending, of course, on the pandemic, allow for adjudication of the criminal matter without the Court having to litigate a Stay. *Barnes v. Clarke*, 2018 U.S. Dist. LEXIS 239341, at 11 (E.D. Wis. May 4, 2018) ("It is well-established that a court may stay civil proceedings when, as a result of related criminal proceedings, 'substantial and irreparable prejudice' would result absent a stay.") (citations omitted). The likelihood of a stay can also create good cause for a failure to serve a defendant within the 90 day time period. *Wetzel v. Herauf*, 2010 U.S. Dist. LEXIS 11358, at 10 (D.N.D. Feb. 9, 2010) ("good cause exists for not serving the defendants until the Court lifts the stay" in a related criminal case). And the stay of Defendant Rittenhouse's case will undoubtedly slow down the Plaintiffs' ability to prosecute their claims against the other Defendants.

Regarding Defendant Mathewson: Mr. Mathewson contacted Plaintiff's attorney on December 22[nd,] with a Motion to Dismiss for lack of service within the 90-day period.

3

This Motion, however, has not been e-filed with the Court. Mr. Mathewson therefore is aware of the suit and in contact with Plaintiffs' counsel. If the Court were to eventually review and grant Mr. Mathewson's Motion to Dismiss, Plaintiffs would refile the action.

Regarding Defendant Ryan Balch, there has been no contact, but it can be assumed in good faith that he has notice of the suit as he has, upon information and belief, retained an attorney. *Kitchner, supra*.

Fourth, none of the Defendants would suffer prejudice to their ability to defend as a result of the delay. *Kitchner, supra*. The incident giving rise to the Complaint occurred only four months ago. No one's memory will have been impaired by the passage of time. No relevant documents will have been destroyed in the ordinary course of business.

Fifth, given that the incident that gave rise to this action occurred only recently, on August 25, 2020, this case is not in danger of missing a statute of limitations. The Amended Complaint contains claims under 42 U.S.C. §§1985 and 1986, negligence, civil conspiracy, and intentional and negligent infliction of emotional distress. The statutes of limitations for these claims are three years and six years. Wis. Stat. §893.54(1m); Wis. Stat. §893.57; *Bonchek v. Nicolet Unified Sch. Dist.*, 2019 U.S. Dist. LEXIS 219788, at 24 (E.D. Wis. Dec. 23, 2019) (three year statute of limitation of "Wis. Stat. §893.53 applies to federal civil rights claims"); *KDC Foods v. Gray*, 763 F.3d 743, 749 (7th Cir. 2014) ("civil conspiracy claims are governed by the six-year statute of limitations in Wis. Stat. §893.93(1)(b)").

Finally, Plaintiffs respectfully understand that the filing of a suit is a serious judicial action that causes stress and resource expenditure for any Defendants named. Plaintiffs' goal is to find resolution to this case that will prevent the tragedies complained

of from occurring again—an extension of 60 days would work toward a resolution that may preserve resources for all parties as well, of course, this Court.

WHEREFORE, the Plaintiffs respectfully request that the Court grant the Plaintiffs an additional 60 days to make service upon the Defendants in this case.

Respectfully submitted,

s/Jason Flores-Williams
Jason Flores-Williams #49702
Attorney at Law
1851 Bassett 509
Denver, CO 80202

## CERTIFICATE OF SERVICE

I hereby certify that on this date of 12/25/20, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

                                              s/Jason Flores-Williams
                                              Jason Flores-Williams #49702